FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG ELMER ("OWL") CHAPMAN, | ) CIVIL NO. 07-00002 JMS/LEK ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S ) MOTION FOR ) RECONSIDERATION OF ORDER |
| vs. | ) GRANTING IN PART AND ) DENYING IN PART DEFENDANTS' |
| JOURNAL CONCEPTS, INC., A CALIFORNIA CORPORATION, d.b.a, THE SURFER'S JOURNAL; JEFF JOHNSON; STEVE PEZMAN; DEBBEE PEZMAN; DAN MILNOR; SCOTT HULET; and JEFF DIVINE, | ) MOTION FOR PARTIAL ) SUMMARY JUDGMENT; ORDER ) TO SHOW CAUSE WHY ) SANCTIONS SHOULD NOT BE ) IMPOSED ) ) |
| Defendants. | ) ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**

**I. INTRODUCTION**

Before the court is Plaintiff Craig "Owl" Chapman's ("Plaintiff") Motion for Reconsideration of this court's November 7, 2007 Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment ("Motion for Reconsideration"). Pursuant to Local Rule ("L.R.") 7.2(d), this motion can be decided without oral argument. After careful consideration of the

issues raised, the court DENIES Plaintiff's Motion for Reconsideration, and ORDERS Plaintiff to show cause why sanctions should not be imposed.

## II. **BACKGROUND**

The facts underlying the dispute in this action have been adequately set forth in the November 7, 2007 Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment ("November 7, 2007 Order") and need not be recounted here. However, the procedural background relevant to Plaintiff's Motion for Reconsideration is worth review.

Defendants filed a Motion for Partial Summary Judgment on July 26, 2007, asking this court to find, among other things, that Plaintiff is a "public figure" such that Plaintiff's defamation and defamation-based claims are governed by the "actual malice" standard set forth in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) and its progeny. Plaintiff filed a Memorandum in Opposition on September 10, 2007, and Defendants filed a Reply on September 18, 2007.

The court heard oral arguments on September 24, 2007. During this hearing, Plaintiff's attorney, Arthur E. Ross, stated that he had not received Defendants' Reply, and on September 26, 2007, Plaintiff filed a Motion for Additional Oral Argument to address the issues raised in Defendants' Reply ("Motion for Additional Argument"). On October 2, 2007, the court denied

Plaintiff's Motion for Additional Oral Argument ("October 2, 2007 Order"), because Ross: (1) was electronically served Defendants' Reply regardless of whether he actually received it; (2) had no excuse why, other than secretary error, he did not review the Reply; and (3) was given full opportunity to present his views at the September 24, 2007 hearing. Doc. No. 102.

In its November 7, 2007 Order, the court found that Plaintiff's defamation and defamation-based claims are governed by the actual malice standard.[1] Plaintiff's Motion for Reconsideration followed.

### III.  STANDARD OF REVIEW

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).

Courts have established only three grounds justifying reconsideration:

---

[1] The court also granted Defendants' Motion for Partial Summary Judgment as to Plaintiff's claims for misappropriation/unauthorized use and invasion of privacy, and denied Defendants' Motion for Partial Summary Judgment as to Plaintiff's false light claim.

(1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998); *Great Hawaiian Fin. Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds*, 863 F.2d 617 (9th Cir. 1988); *see also* L.R. 60.1 (providing that reconsideration is only permitted where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact.").

## IV.  ANALYSIS

Here, Plaintiff asserts that his Motion for Reconsideration should be granted due to (1) discovery of new material facts not previously available, and (2) manifest error of law.  The court addresses and rejects each of these arguments.

### A.  Discovery of New Evidence

To base a motion for reconsideration on the discovery of new evidence, Plaintiff is "*obliged* to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citation and quotation signals omitted); *see also Wallis v. J.R. Simplot Co.*, 26

F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.") (citation omitted); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

        Ross alleges that he was "completely unaware of the existence of Defendants' 'Reply To Plaintiff's Response in Opposition to Defendants' Motion for Partial Summary Judgment'" until the September 24, 2007 hearing, and as such, has now "discovered" Defendant Steve Pezman's September 14, 2007 Declaration.  Pl.'s Mot. Recons. 2.  Ross asserts that he failed to timely discover this information "[d]ue to circumstances beyond my–or Plaintiff's–control or knowledge . . . ."[2]  Ross Decl. ¶ 10.  The court has already addressed and rejected this argument in its October 2, 2007 Order, and rejects it again here for the same reasons.

        Ross does not allege -- nor can he -- that he "could not with

---

[2] While Plaintiff did not explain the "circumstances beyond its control" in his Motion for Reconsideration, Plaintiff did explain in his Motion for Additional Argument that Ross's internet was not functioning from September 17-19, and his secretary failed to methodically review his backlog of email.  Doc. No. 100.

reasonable diligence have discovered" Defendants' Reply. *See Frederick S. Wyle Prof'l Corp.*, 764 F.2d at 609. The court found in its October 2, 2007 Order that Ross was electronically served with Defendants' Reply and had no excuse why, other than secretary negligence, he did not review the Reply prior to the September 24, 2007 hearing. Doc. No. 102. In light of the October 2, 2007 Order, Defendants' Reply was effectively within Plaintiff's possession prior to the hearing, and only a lack of diligence prevented him from addressing any arguments or evidence in the Reply. *See Wallis*, 26 F.3d at 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.") (citation omitted). Thus, Defendants' Reply is not "newly discovered" information.

### B. Manifest Error of Law

Plaintiff's argument that the November 7, 2007 Order was a clear manifest error in law is based largely on arguments already presented to, and rejected by, the court. The court now addresses each of Plaintiff's four main arguments.

First, the court did not commit "bootstrapping" by including Defendants' previous publications to determine that Plaintiff is a general public

figure within the surfing community. While it is true that Defendants "cannot, by their own conduct, create their own defense by making the claimant a public figure," *Hutchinson v. Proxmire*, 443 U.S. 111, 135 (1979) (citation omitted), this maxim has no application here.

To prevent "bootstrapping," the court should exclude publications that either were created by, or resulted from, the allegedly defamatory statements. *See Wells v. Liddy*, 186 F.3d 505, 540 n.27 (4th Cir. 1999) ("In evaluating whether a plaintiff has conducted herself in such a manner, it is important to avoid bootstrapping, i.e., letting the *defamatory statements themselves* be the linchpin that makes the plaintiff an involuntary public figure." (emphasis added)); *Kassel v. Gannett Co.*, 875 F.2d 935, 941 (1st Cir. 1989) (finding that publisher could not rely on attention plaintiff garnered *following* the publication of allegedly defamatory article); *Nicholson v. Promotors on Listings*, 159 F.R.D. 343, 353 n.3 (D. Mass. 1994) ("Allowing the media to characterize the plaintiff as a limited public figure by way of printing controversial material about the plaintiff, thereby dragging the plaintiff unwillingly into a public controversy, has been condemned as 'bootstrapping.'").

Prior publications, however, are not a likely source of "bootstrapping" unless a nexus exists between the prior publications and the

defamatory statements. Stated differently, there must be some assertion that, prior to the publication of the allegedly defamatory statement, the defendant set out to protect itself by attempting to confer onto plaintiff a public figure status. *Rosanova v. Playboy Enter., Inc.*, 580 F.2d 859, 861 (5th Cir. 1978), squarely addressed this issue:

> Plaintiff argues that consideration of past media reports in the determination of public figure status allows defamation defendants to "bootstrap" themselves into the protection thus afforded. We need not decide whether or not such a contention might ever prevail. No proper basis for such an assertion is present here. There is no claim in this case that the publisher of this allegedly defamatory article first set out to protect itself by creating the public figure status of Mr. Rosanova "out of the whole cloth." There is no evidence upon which the district judge could have found that the defendant before the court "bootstrapped" by itself or in league or conspiracy with others.

Here, Plaintiff argues that the court must disregard all publications by or related to Defendants in determining whether Plaintiff is a public figure, but fails to establish a nexus between the prior publications and the August/September 2006 article that would allow for their exclusion. The mere fact that Defendants published many of these articles does not create this nexus. Further, as shown by the parties' voluminous submissions, there were numerous publications relating to Plaintiff from the 1970s to the present. Plaintiff cannot now claim, without any

evidentiary support, that Defendants -- over the course of several decades -- set out to protect themselves by first making Plaintiff a public figure in the surfing community.³ *See Rosanova*, 580 F.2d at 861 (rejecting argument that consideration of past media reports allowed defendants to "bootstrap" themselves into protection). Accordingly, the court properly relied on the various prior publications in determining Plaintiff's public figure status.

Second, the court did not commit clear error by finding as a matter of law that Plaintiff is a public figure within the surfing community. Based on the "broad rules of general application" outlined in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 343-44 (1974), the court recognized that Plaintiff may not be a public figure for all purposes and contexts, but could be a public figure within the specific context of the surfing community. To determine Plaintiff's status, the court defined the applicable community and population as the surfing community, and then determined that Plaintiff is a well-known, iconic figure in the surfing community who had access to channels of communication to rebut falsehoods, and who invited attention and comment. Nov. 7, 2007 Order at 16-23.

Plaintiff's attempts to rebut application of the court's framework (to

---

³ For this reason, the court also rejects Plaintiff's argument that any publication *related* to Defendants must also be excluded from the public figure analysis. Plaintiff fails to cite any caselaw whatsoever for the broad exclusion principle he sets forth.

the extent they do not wholly rely on Plaintiff's previous bootstrapping argument) are unavailing. As shown from the voluminous submissions of the parties, including articles, movies, and documentaries, Plaintiff is a well-known and celebrated figure within the surfing community. That Plaintiff "shuns all commercialism in surfing" does not change this analysis. *See* Pl.'s Mot. Recons. 13. Over the years, Plaintiff voluntarily thrust himself into the surfing community in a manner that invited attention and comment. He cannot now disclaim that history.

Further, contrary to Plaintiff's argument, *Khawar v. Globe Int'l, Inc.*, 965 P.2d 696 (Cal. 1998), does not support a finding that Plaintiff lacked access to channels of communication. In *Khawar*, the plaintiff was near Robert Kennedy when he was assassinated; 21 years later, defendant published an allegedly defamatory article regarding a book in which the plaintiff was accused of the assassination. *Khawar*, 965 P.2d at 698-99. The court found that plaintiff never acquired any significant media access as a result of either the assassination or the book 21 years later -- the plaintiff was not contacted by reporters, was not a suspect in the assassination, did not testify at trial, and did not publicize his views. *Id.* at 702. In stark contrast, the August/September 2006 article was not the first time that Plaintiff garnered media attention. Plaintiff courted attention through

granting interviews, appearing in movies and documentaries, and appearing in surfing events. *See* Nov. 7, 2007 Order 21-22. Plaintiff's voluntary acts, as well as the numerous articles regarding him, evidence Plaintiff's opportunity to rebut the Defendants' August/September 2006 article[4] and his status as a public figure within the surfing community.

        The court also rejects as an incorrect statement of law Plaintiff's contention that the "trier of fact" must determine whether the passage of time has allowed Plaintiff to slip back into private individual status. The case cited by Plaintiff, *Briscoe v. Reader's Digest Ass'n, Inc.*, 483 P.2d 34 (Cal. 1971), to the extent not overruled by *Gates v. Discovery Comm., Inc.*, 101 P.3d 552 (Cal. 2004), is not controlling law for this court, and is directly contradicted by precedent that *is* controlling. Whether Plaintiff is a public figure is a question of law for the court to decide. *See Rosenblatt v. Baer*, 383 U.S. 75, 88 (1966) ("[I]t is for the trial judge in the first instance to determine whether the proofs show respondent to be a 'public official.'"); *Kroll Assoc. v. City & County of Honolulu*, 833 F. Supp. 802, 805 (D. Haw. 1993).

        Third, the court rejects that Plaintiff's unauthorized use of name and

---

[4] That Plaintiff has no phone or mailing address does not affect whether, due his status as a well-known surfer, Plaintiff had access to channels of communication.

11

privacy claims are viable on the basis that Defendants are not entitled to any protections under the newsworthy standard. In *Virgil v. Time, Inc.*, 527 F.2d 1122, 1129 (9th Cir. 1975), the Ninth Circuit adopted the newsworthy privilege set out in Restatement (Second) of Torts § 652D (1977), that "[l]iability may be imposed for an invasion of privacy only if the matter publicized is of a kind which is not of legitimate concern to the public." (citation and quotation signals omitted). Applying that standard, the court properly found that the August/September 2006 article was newsworthy in shedding light on the sport and culture of surfing.[5] Plaintiff's dispute regarding the accuracy of certain statements in the August/September 2006 article does not change this analysis, but instead is relevant to Plaintiff's defamation and defamation-based claims.

Fourth, the court rejects Plaintiff's argument that evidence of negligence and malice eliminates a "public interest" privilege such that the court

---

[5] In any event, the court's decision granting summary judgment on the claims for unauthorized use of name and invasion of privacy did not rest solely on the newsworthy finding. Plaintiff's claim that Defendants misappropriated and used his name/likeness in an unfavorable publication without his authorization also fails because Plaintiff's name/likeness was not used in a promotion or advertisement. *See* Restatement (Second) of Torts § 652C, cmt. d (1977) ("The fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness. Thus a newspaper, although it is not a philanthropic institution, does not become liable under the rule stated in this Section to every person whose name or likeness it publishes."). Further, the invasion of privacy claim does not stand because Plaintiff's alleged drug use has been previously disclosed in other publications, and Plaintiff does not have an expectation of privacy in his custom board shaping business. Nov. 7, 2007 Order 32-34.

cannot find that Plaintiff is a "general purpose public figure."  Pl.'s Mot. Recons. 27.  Plaintiff's attempt to conflate the public figure and malice inquiries is not supported by the caselaw it cites.  *See Virgil*, 527 F.2d at 1129 (addressing newsworthy standard for invasion of privacy claim); *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 714 (1989) (discussing whether a publication regarding a private person is privileged under California state law).  Rather, the court separately performed the public figure analysis to determine whether Plaintiff must prove malice for his defamation and defamation-based claims.  *See New York Times*, 376 U.S. at 279-80.  Given the court's Order finding that Plaintiff is a public figure within the surfing community, Plaintiff can direct his arguments of malice to proving this element of the claims.

**C.      Order to Show Cause Why Sanctions Should Not Be Awarded**

Federal Rule of Civil Procedure 11(b) requires that parties present arguments that are warranted by the law and non-frivolous:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . .
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a

> nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Violation of Rule 11(b) can, after notice and reasonable opportunity to respond, result in sanctions:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11(c).  *See also* L.R. 11.1 (allowing the court to sanction a party for failure to comply with the Local Rules).  Further, "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

"A motion for reconsideration is sanctionable if it is frivolous, but not if it raises new issues." *See Edgerly v. City & County of San Francisco*, 495 F.3d 645, 661-62 (9th Cir. 2007) (*citing Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992)); *see also id.* (finding no abuse of discretion by district court in awarding sanctions for party's filing of two frivolous motions for reconsideration).

As discussed above, the court rejects both of Plaintiff's bases for his Motion for Reconsideration -- there was no discovery of new materials, and the court did not commit manifest error of law or fact.  The court finds that Plaintiff's argument of manifest error of law largely rehashes issues already addressed by the court, but does not rise to the level of objective frivolity appropriate for sanctions.  The court does find, however, that Plaintiff's "discovery of new materials" argument may warrant sanctions in light of the October 2, 2007 Order.  In its October 2, 2007 Order, the court found that Plaintiff was served the materials it now alleges are "newly discovered," and had no excuse why, other than secretary negligence, Plaintiff did not review the Reply.  Doc. No. 102.  Because "[e]vidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence," *Wallis*, 26 F.3d at 892 n.6, it appears that Plaintiff had no valid basis for raising this argument in his Motion for Reconsideration.  Accordingly, the court ORDERS the Plaintiff to Show Cause why sanctions should not be imposed for arguing reconsideration based on discovery of new materials.

## V.  **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion for Reconsideration is DENIED.  The court further ORDERS the Plaintiff to Show Cause why sanctions

should not be imposed for arguing reconsideration based on discovery of new materials. Plaintiff's deadline to show cause is December 28, 2007. Defendants, at their option, may file a response by January 11, 2008.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, December 12, 2007.



      /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge

*Chapman v. Journal Concepts, Inc.*, Civ. No. 07-00002 JMS/LEK, Order Denying Plaintiff's Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment; Order to Show Cause Why Sanctions Should Not Be Imposed